[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANTS DUBICKI CAMASSAR'S MOTION FOR SUMMARY JUDGMENT
The two defendants claim in their motion that there is no genuine issue of material fact as to their liability and request that as a matter of law the motion be granted. The firm is a Limited Liability Partnership.
The plaintiff claims that a third defendant, Attorney Irving, a partner in the firm with Dubicki and Camassar, induced her to sign a fee agreement to pay him a fee of 25% of what he collected on the plaintiff's husband's life insurance policy before suit was filed and 33% of any proceeds after suit was brought. The policy had a death benefit of $400,000. She claims that Irving had already received the $400,000, but nevertheless filed suit to collect the larger fee of 33%. He then paid the plaintiff $270,692.26 and took a fee of $135,365.63, which the plaintiff claims was $33,841.41 too high. The plaintiff sued all three partners in the firm.
Both Dubicki and Camassar have filed affidavits stating that they had no knowledge of the case or the dealings between Irving CT Page 6895 and the plaintiff until November 24, 1998, which was several days after the matter between the plaintiff and Irving was concluded. They claim that under Connecticut General Statutes § 34-327, they are protected from liability for any actions by their partner, Irving.
In pertinent part, the statute reads:
Sec. 24-327.
 (c) . . . a partner in a registered limited liability partnership is not liable directly or indirectly . . . for any debts, obligations and liabilities chargeable to the partnership or another partner or partners . . . arising in the course of the partnership business while the partnership is a registered limited liability partnership.
 (d) The provisions of subsection (c) . . . shall not affect the liability of a partner . . . for his own negligence, wrongful acts or misconduct or that of any person under his direct supervision or control.
In their affidavits, Dubicki and Camassar state that they had no personal knowledge of the dealings between the plaintiff and Irving, nor did they have any supervision or control of Irving. Furthermore, they state that under the partnership agreement, Irving retains all fees for his activities and does not share any of them with the other partners.
The plaintiff claims the two defendants are guilty of negligence, wrongful acts and misconduct. However, he produced no affidavit or other documents to support this claim. The court must, therefore, find that there is no genuine issue of natural fact in this regard.
She then claims that they violated various sections of the rules of professional conduct. However, the court cannot treat her mere assertations as evidence that they violated Rule 5.1. She claims they admitted knowledge of what happened and did not attempt to rectify it. All they admitted was knowledge after the transaction was concluded. Again, the claims made are without supporting affidavits.
Even if there were evidence of a violation of Rule 5.1(a) and 5.1(c), the court finds Connecticut General Statutes § CT Page 6896 34-3279 (c) supersedes both rules except where the other person is under the partners' "direct supervision and control." Here the sworn affidavits deny that this was the case. Accordingly, since they shared no benefit, did not have direct supervision or control over Irving and did not know about the matter until nine days after the funds were distributed, the court finds that they are protective from liability by Sec. 24-3279 (c).
The Motion for Summary Judgment is granted.
D. Michael Hurley, Judge Trial Referee